DECISION
This matter is before the Court for entry of a final judgment with respect to the petition of Pawtucket Trust Company for leave to resign as trustee and to substitute Rockland Trust Company as successor trustee of the following eight trusts:
 1. Ruth W. Cole Trust 94-5556;
 2. Robert E. Hall Trust 94-5558;
 3. John D. Eyre Trust 94-5562;
 4. Marie D. Woolley Trust 94-5564;
 5. Irene Beauvais Trust 94-5571;
 6. Albert J. Chenot Trust 94-5574;
 7. David C. Alverson Trust 94-5575;
 8. Gerard N. Gilman Trust 94-5578;

The Court has already approved the resignation of Pawtucket Trust Company and the appointment of successor trustees in twenty-one other trusts. In twenty cases Rockland Trust Company was appointed successor trustee. In one case a different trustee was appointed.
In these eight trusts the Court was not completely satisfied that all vested and contingent beneficiaries had adequate notice of the pendency of these petitions. On a careful review of the petition filed on April 19, 1995 the Court is satisfied that adequate notice has been furnished to beneficiaries of the following seven trusts:
Ruth W. Cole Trust: Four beneficiaries have received notice by certified and regular first class mail. In the case of Christin Lynn Cole, notice was given by regular first class mail only. In order for the new trustee to exercise its discretion it will, of course, be required to communicate with Christin Lynn Cole as soon as it assumes control of the trust. Notice is adequate to grant the petition.
Robert E. Hall Trust: Thirteen beneficiaries have received notice by certified and regular first class mail. Peter J. Hall, as a residuary beneficiary and as a parent of Lauren E. Hall and Emily B. Hall, contingent beneficiaries, was furnished notice by regular first class mail and by publication. The new trustee may need to establish communication with Peter J. Hall to carry out the trust in the event of a need to make a distribution in the future. Notice is adequate to grant the petition.
John D. Eyre Trust: Eleven beneficiaries have received notice by certified and regular first class mail. Jane E. Kelly, as a residuary beneficiary and as the parent of Michael Kelly, a contingent beneficiary, was furnished notice by regular first class mail and by publication. The new trustee may need to establish communication with Jane E. Kelly to carry out the trust in the event of a need to make a distribution in the future. Notice is adequate to grant the petition.
Marie D. Wooley Trust: Three beneficiaries have received notice by certified and regular first class mail. Christina L. Harte was furnished notice by regular mail only in Northern Ireland. She is a current income beneficiary under the trust and notice was mailed to her at the same address to which her benefit checks have been mailed. The new trustee will, of course, endeavor to assure itself that the income distributions are in fact being received by Christina L. Harte. The notice is adequate to grant the petition.
Albert J. Chenot Trust: The present income and principal beneficiary as well as one of three surviving named residuary beneficiaries have received notice. The petitioner has been unable to locate two other residuary beneficiaries, Raymond L. Chenot and Doris Dyer, after minimal, but reasonable effort. The new trustee should be aware that it will be accepting a trust with some manifest difficulty of distribution in the future. The petitioner will be excused from any further requirement of notice.
David C. Alverson Trust: The current beneficiaries of this trust are two minor children whose guardian, Raymond E. Gardiner, received notice by regular first class mail addressed to the same address to which distributions from the trust are currently mailed as well as by publication. The new trustee will, of course, establish direct communication with Raymond E. Gardiner, to assure that benefits are being properly applied to the trust purposes. The notice is adequate to grant the petition.
Gerard N. Gilman Trust: Eleven of thirteen surviving beneficiaries received notice by certified and regular first class mail. The two remaining beneficiaries, Charlene Gilman and Bernadette Devin, received notice by regular first class mail only. The petitioner also suggests that the notice by publication might have reached these two beneficiaries. The new trustee, will, of course, be obligated to establish communication with these beneficiaries to assure that benefits are being properly directed to and received by them. The notice is adequate to grant the petition.
As to the remaining trust the Court remains unsatisfied that all beneficiaries have been given adequate notice or that no further efforts need be made to locate beneficiaries.
Irene Beauvais Trust: The sole income beneficiary received notice by certified and regular first class mail as did two of the four residuary beneficiaries and a contingent beneficiary. Two residuary beneficiaries, Jean-Pierre Pariseau and Suzanne Pariseau Brien, have received no notice. The record does not show any effort on the part of the petitioner to locate these beneficiaries. Nor is there any showing that the assets of the trust do not justify the costs of such an effort. Sooner or later the new trustee will be obligated to look for these beneficiaries, if their interest is or becomes vested. The Court will withhold approval of this transfer pending further information regarding the feasibility of efforts to locate the two residuary beneficiaries.
The petitioner may present final judgments for entry in the respective petitions relating to each trust other than the Irene Beauvais Trust.